## WITKOWSKI *v.* STUBBS.

1. A livery-stable keeper who, in order to enforce the lien given him by section 1986 of the code, sells the property by virtue of no authority except that conferred by sections 1992 and 2140, cannot become the purchaser. A sale made to himself is, in any event, voidable; and if made without giving the full thirty days notice required by the section last above cited, is absolutely void.

2. If, after making a void sale to himself, the livery-stable keeper sell the animal to another at private sale, making the sale as owner and not in the capacity of agent, the purchaser will acquire no title as against the original owner who left the horse in the stable, although the latter had authorized the keeper to sell as his agent. The keeper having appropriated the animal and sold it for his own benefit, made no attempt to execute the agency, and did not execute it.

3. An action by the original owner against the purchaser from the keeper for the recovery of the property, is not barred by a judgment against the plaintiff in a previous action of like kind brought by him against the keeper, the verdict on which that judgment was based showing upon its face not only that the action was brought before the keeper, the defendant in that action, was guilty of any conversion of the property, but also that it was rendered on that ground alone, it thus appearing that the title to the property was not then passed upon or adjudicated.

4. The question of whether the livery-stable keeper's bill, chargeable upon the animal, could be used by the purchaser from the keeper in mitigation of damages, not having been made in the pleadings, in any part of the charge of the court excepted to nor by request to charge, and the evidence being conflicting as to whether in fact any such bill was justly due or owing, there is no cause for setting aside the verdict as excessive for the reason that no part of the alleged bill was allowed by the jury.

April 3, 1893. Argued at the last term.

Before Judge Ross. City court of Macon. December adjourned term, 1891.

Stubbs sued Witkowski in trover for a horse. The defendant's pleas set up the following: Plaintiff placed the horse at Powers' livery-stable, with instructions to Powers to sell it, agreeing to pay him for the horse's board until sold. Afterwards defendant bought the horse from Powers, plaintiff's agent, at the stable where the horse had been placed by plaintiff's direction, paying a fair and full price for it to Powers, whereby it became defendant's property. In the sale Powers acted according to plaintiff's instructions reasonably interpreted; and defendant did not know or have any reason to know that Powers was violating plaintiff's instructions, and avers that Powers did not do so. Further, plaintiff became indebted to Powers $175 for the board and keeping of the horse, and being so indebted, could not revoke the authority he had given Powers to sell; and Powers, by reason of such lien, was authorized to sell the horse as plaintiff's agent, and in pursuance of said authority sold it to defendant who thereby became its rightful owner. Further, plaintiff brought trover for the horse against Powers in the city court, and caused him to be held to bail; on the trial of said case plaintiff announced that he would not insist on recovery of the property, but would demand a money verdict; the jury found in favor of Powers, and not until after judgment was entered on that verdict was the pending suit commenced. Defendant derived his title by purchase from Powers, after plaintiff had "barred" his suit against Powers; and plaintiff is estopped by the judgment rendered in that case, from further proceeding against defendant.

The verdict was for the plaintiff, and defendant's motion for a new trial was overruled. The material facts of the case are shown in the opinion.

DESSAU & BARTLETT, for plaintiff in error.

J. A. THOMAS and J. W. ROBISON, *contra.*

LUMPKIN, Justice.

1. According to the wisdom of the sages of the law, it is contrary to sound policy for the seller of property to become himself the purchaser. He is apt to do himself more than justice in the latter capacity. Accordingly, sheriffs, administrators, executors, and other persons acting in a fiduciary capacity, are not allowed to purchase absolutely at their own sales, and whenever they do so, such sales are voidable at the option of the parties at interest. Most of the sales just referred to are required to be made after due advertisement and under strict regulations as to time and place, but the rule stated is applicable to them nevertheless. Certainly, therefore, this rule should not be relaxed as to a sale made by a livery-stable keeper under the provisions of sections 1992 and 2140 of the code, which sale may be made upon giving thirty days notice to the owner of the intention to sell, and concerning which there are no requirements as to advertising, or selling on a public sale-day, or that the sale shall be at the usual place of conducting public sales. In any event, the thirty days notice to the owner is indispensable to the validity of the sale, and merely mailing a notice to him, as was done in this case, is not sufficient, unless he actually received it thirty days before the sale took place. It was shown beyond controversy that Stubbs did not have the full thirty days notice required by law; and therefore the sale of the horse by Powers to himself was absolutely void, though it may have been in public to the highest bidder, and fairly conducted by the sheriff, acting for Powers.

2. It is a matter of no consequence that Stubbs, when he left the horse at the stable, may have authorized Powers, as his agent, to sell the horse. It is quite cer-

tain Powers neither executed this agency, nor attempted to do so, when he sold to Witkowski. In making that sale, Powers acted for himself, and sold the horse as his own property. He doubtless supposed he had acquired a valid title by the sale to himself already mentioned, and undertook to deal with the horse accordingly. It was too late, after so doing, to make valid his sale to Witkowski upon the theory that this sale was made by him as the agent of Stubbs, such theory being absolutely unsupported by any evidence in the case.

3. Before the present case was begun, Stubbs had brought suit against Powers for the recovery of the horse. This latter action was commenced before Powers had made the sale at which he himself became the purchaser, and which amounted to a conversion by him of the property. Accordingly, the jury who tried that case found in favor of Powers, basing their verdict solely and expressly upon the ground that the conversion was not committed until after the action was brought. It therefore distinctly appears that the title to the property, as between Stubbs and Powers, was in no way then passed upon or adjudicated, and it follows clearly and conclusively that the judgment rendered in that case, construed in the light of the verdict upon which it was founded, could not bar Stubbs from bringing a second action for the recovery of the horse against either Powers himself, or Witkowski who held under him.

4. It appears from the record that Powers had a bill for a considerable amount against Stubbs for the board of the horse, but there is no evidence that this bill was transferred to Witkowski when he purchased the animal. Whether or not Witkowski could use this bill, supposing it to be correct and just, in mitigation of the damages for which he was liable to Stubbs, is not before us for adjudication. This question was not made in the pleadings, in any part of the charge of the court ex-

cepted to, nor by any request to change, and is not, therefore, as a question of law, involved in the case irrespective of the evidence and the finding of the jury thereon. If the evidence had been undisputed as to the amount and correctness of this bill, it might have been proper for this court, under the general assignment that the verdict is contrary to the evidence, to have entertained and decided the question whether the bill could have been made available by Witkowski for the purpose indicated; but we are shut off from so doing, because the evidence was conflicting as to whether the bill was justly due or owing at all. We are therefore unable to say that the verdict was excessive and consequently wrong because no part of the bill was allowed by the jury. There was no error in refusing a new trial.

*Judgment affirmed.*